UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| CHESTER MARSHALL and RICHARD WHITBY, individually and on behalf of a class of others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> AMSTED INDUSTRIES INC. and AMSTED RAIL COMPANY, INC. a/k/a "ASF, AMSTED RAIL COMPANY, INC.," and f/k/a "ASF-KEYSTONE, INC.," <br><br> Defendants. <br><br> Serve: CT Corporation System <br> Registered Agent for <br> Defendants Amsted Industries <br> Incorporation and Amsted <br> Rail Company, Inc. <br> 208 South LaSalle St., Ste. 814 <br> Chicago, Illinois  60604 | Case No. 3:10-cv-00011-MJR-CJP <br><br> **JURY TRIAL DEMANDED** |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiffs, individually and on behalf of all others similarly situated, for their Complaint against defendants Amsted Industries Incorporated and Amsted Rail Company, Inc. (hereinafter collectively "Amsted"), allege as follows:

**Nature of Case**

1.  Amsted employs hundreds of hourly-paid employees at their foundry and manufacturing facility in Madison County, Illinois, which is located within the Southern District of Illinois.  During the relevant time periods preceding this action, Amsted required these employees to work before their paid shifts without compensation including such activities as

donning a substantial amount of protective gear, obtaining tools and supplies, starting and connecting equipment, testing tools and equipment, obtaining tool and equipment repairs and replacements, and servicing tools and equipment. During the relevant time periods preceding this action, Amsted also required these employees to work after their paid shifts without compensation including such as activities as shutting down machinery and equipment, storing tools, cleaning and preparing work areas for the next day or following shift, and doffing a substantial amount of protective gear. Such tasks are integral and indispensable to the performance of the assigned job duties of Plaintiffs and others similarly situated. As such, Amsted received substantial unpaid labor from their hourly-paid employees. Plaintiffs seek to recover unpaid wages and overtime compensation under the Fair Labor Standards Act ("FLSA") and Illinois law.

**Jurisdiction and Venue**

2. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over the FLSA claims of Plaintiffs and other similarly situated employees is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Illinois law authorizes court actions by private parties to recover damages for violation of the Illinois Minimum Wage Law ("IMWL"). 820 ILCS § 105/12(a). Jurisdiction over the state law claims of Plaintiffs and other similarly situated employees is based on 28 U.S.C. § 1332(d)(2), 28 U.S.C. § 1367, and 820 ILCS § 105/12(a).

4. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c) because Amsted conducts business in this district and substantial unlawful conduct giving rise to the claims occurred in this district.

## Parties

5.  Plaintiff Chester Marshall has been employed by Amsted as an hourly-paid leadman, instructor, and supervisor at their steel foundry and manufacturing facility located in Madison County, Illinois since approximately August 2006. Plaintiff Marshall's consent to be a party plaintiff to an FLSA action is attached hereto as Exhibit 1.

6.  Plaintiff Richard Whitby has been employed by Amsted as an hourly-paid chipper at their steel foundry and manufacturing facility located in Madison County, Illinois since approximately January 2004. Plaintiff Whitby's consent to be a party plaintiff to an FLSA action is attached hereto as Exhibit 2.

7.  Additionally, sixty-five (65) other hourly-paid employees have consented to join this action. They are Keith Baker, Anthony Bean, Phrezell Bratton Jr., Aaron Brookins, John Brown, Kenneth Cole, Terrell Cook, John Corbetto, Ernest Cowens, Cory Crowder, Dante Dale, Terry Dunn, Vincent Emsweller, Jerry Garrett, Daniel Gee, Tishod Gibbs, Kevin Graham, Alander Gray, Gerald Greenwood, Kevin Guyton, Jovon Hamburg, Jermaine Hardy, Michael Hill, Gary Horton, Byron Hudson, John Ingram, Paul James, Christopher Johnson, Clyde Johnson, James Johnson Jr., Lovell Kidd III, Terrance King, Michael Lash, Quinton Little, Jerry Lovett, Christopher Malone, Willie Malone Jr., Jimmy Mann, Lambus McGhee, Derron Mosby, Bryant Moore, Claude Muse, Alexander Neal, Gabriel Paulette, Tiaunta Pickens, Arthur Pressley, Edward Robertson, Orlando Saffore, Leonard Scott, Jerry Shaw, Donald Smith, TroJon Smith, Dwayne Stennis, JaNeir Stennis, Tyquiel Stevenson, Michael Stuart, Estacey Tillison, Arnez Tucker, Freddie Warren, Terrance Watson, Shawn Wayne, Darrin Williams, Demario Williams, Efram Williams and Jermel Wysinger. Each of these employees worked at Amsted's

steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period. Their consent to join forms are attached hereto as Exhibit 3.

8. Plaintiffs bring Count I of this lawsuit as a collective action under the FLSA on behalf of themselves and all other similarly situated hourly-paid employees employed by Amsted within the last three (3) years.

9. Plaintiffs bring Counts II of this lawsuit as a class action under the IMWL, 820 ILCS § 105/1 et seq.; 28 U.S.C. § 1367; and Fed. R. Civ. Proc. 23 on behalf of themselves and all other similarly situated hourly-paid employees employed by Amsted in Illinois within the last three (3) years.

10. Plaintiffs bring Counts III of this lawsuit as a class action under Illinois common law, 28 U.S.C. § 1367, and Fed. R. Civ. Proc. 23 on behalf of themselves and all other similarly situated hourly-paid employees employed by Amsted in Illinois within the last five (5) years.

11. Defendant Amsted Industries Incorporated is an international steel, train parts, automobile parts, and construction equipment manufacturing company that operates various steel foundries and manufacturing facilities in the United States including a foundry and manufacturing facility in Madison County, Illinois, which falls within the Southern District of Illinois.

12. Defendant Amsted Rail Company, Inc. is an international steel and train parts manufacturing company that operates various steel foundries and manufacturing facilities in the United States including a foundry and manufacturing facility in Madison County, Illinois, which falls within the Southern District of Illinois.

13. Together Defendants form a single-integrated enterprise and maintain a joint-employer relationship.

## General Allegations

14. Amsted has paid Plaintiffs and others similarly situated on an hourly basis and classified them as "non-exempt" under the FLSA.

15. Amsted pays their hourly employees based on their scheduled shift times and not on actually hours worked.

16. Amsted requires Plaintiffs and similarly situated hourly-paid employees to perform work before and after their paid shifts without compensation. These employees consistently work "off the clock" and without pay. Accordingly, Plaintiffs and all similarly situated employees are entitled to compensation for the time spent working before and after their paid shifts.

17. Amsted has required their hourly-paid employees to start work before the beginning of their paid shifts including such tasks as donning a substantial amount of protective gear, obtaining tools and supplies, starting and connecting equipment, testing tools and equipment, obtaining tool and equipment repairs and replacements, and servicing tools and equipment.

18. The substantial protective gear which Amsted has required their employees to don prior to their paid shifts without compensation includes fire-retardant and/or protective pants, fire-retardant and/or protective jackets, protective sleeves, hoods, helmets with shields, goggles, ear plugs, respirators, gloves, metatarsal boots, aprons, and other protective clothing.

19. Amsted has required their hourly-paid employees to obtain protective equipment, tools, and supplies prior to their paid shifts without compensation including respirators, various grinders, chipping hammers, air hoses, and welding rods.

20. Amsted has required their hourly-paid employees to clean and organize their work areas prior to their paid shifts without compensation.

21. Amsted has required their hourly-paid employees to work after their paid shifts shutting down machinery and equipment, storing tools, cleaning and preparing work areas for the next day or following shift, and doffing a substantial amount of protective gear.

22. Additionally, hourly-paid employees are required to shovel sand after their paid shifts without compensation.

23. Further, hourly-paid employees must blow debris, castings, and dirt off of themselves after their paid shifts without compensation.

24. The protective gear which must be doffed by Amsted's hourly-paid employees after their paid shifts without compensation includes fire-retardant and/or protective pants, fire-retardant and/or protective jackets, protective sleeves, hoods, helmets with shields, goggles, ear plugs, respirators, gloves, metatarsal boots, aprons, and other protective clothing.

25. All such tasks are substantial, preparatory, integral, and indispensable to performing the assigned job duties of Plaintiffs and others similarly situated.

26. Amsted did not accurately record all time worked by their hourly-paid employees, and specifically did not include time these employees spent performing work before their paid shift and during unpaid lunch breaks and after the end of their paid shift.

27. The net effect of Amsted's policies and practices, instituted and approved by company managers, is that Amsted willfully failed to pay wages and overtime compensation and willfully failed to keep accurate time and/or payroll records to save payroll costs. Amsted thus enjoyed substantial ill-gained profits at the expense of their hourly employees.

## Collective and Class Action Allegations

28.     Plaintiffs bring Count I as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all who others similarly situated.

29.     Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Amsted's practice of failing to pay for all overtime hours worked.  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Amsted's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

30.     Plaintiffs Chester Marshall and Richard Whitby bring Count II and III as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and as the Class Representatives of the following persons (the "Class"):  All current and former hourly-paid employees employed by Amsted in Illinois within the applicable statutes of limitations.

31.     The state law claims, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who do not opt-out of the class.

32.     Plaintiffs' state law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

33.     The class satisfies the numerosity standards.  The Class consists of hundreds of persons who are believed to be geographically dispersed in various locations around the states of Illinois and Missouri and other areas within the United States.  As a result, joinder of all Class members in a single action is impracticable.  Class members may be informed of the pendency of this class action through direct mail.

34. Questions of fact and law common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Amsted's actions include, without imitation, the following:

   a. Whether Amsted failed to pay Class members wages and overtime required under 820 ILCS § 105/1 *et* seq.;

   b. Whether Amsted failed to fully and accurately record the hours worked by Class members as required under 820 ILCS § 105/8; and

   c. Whether Amsted has been unjustly enriched by their failure to pay Class members for time worked.

35. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

36. Plaintiffs' claims are typical of those of the Class in that Class members have been employed in the same hourly-paid positions as Plaintiffs and the Class members were subject to the same unlawful practices as Plaintiffs.

37. Plaintiffs Marshall and Whitby are adequate representatives of the Class because they are members of the Class and their interests do not conflict with the interest of the members of the Class they seek to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiffs Marshall and Whitby and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

38. Maintenance of this action as a class action is a fair and efficient method for adjudicating this controversy. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

### Count I:  Violation of the Fair Labor Standards Act of 1938

39. Plaintiffs reassert and re-allege the allegations set forth above.

40. At all times material herein, Plaintiffs and other similarly situated persons have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 et seq.

41. The FLSA regulates, among other things, the payment of wages for overtime worked by employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

42. Amsted is subject to the overtime pay requirements of the FLSA because they are jointly an enterprise engaged in interstate commerce and their employees are engaged in commerce.

43. Amsted violated the FLSA by failing to pay for overtime worked.

44. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.  None of the FLSA exemptions apply to Plaintiffs or other similarly situated employees.

45.     Plaintiffs and all similarly situated employees are victims of a uniform compensation policy.

46.     Plaintiffs and all similarly situated employees are entitled to damages equal to pay for all overtime hours worked and the mandated overtime premium pay within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Amsted acted willfully and knew, or showed reckless disregard for whether, their conduct was prohibited by the FLSA.

47.     Amsted has not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages and overtime compensation permitted by 29 U.S.C. § 216(b).  Alternatively, should the Court find Amsted did not act willfully in failing to pay overtime compensation, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

48.     As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Amsted from Plaintiffs and all similarly situated employees.  Accordingly, Amsted is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, on Count I of this Complaint, Plaintiffs and all similarly situated employees demand judgment against Amsted and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4)

pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count II:  Violation of the Illinois Minimum Wage Law

49. Plaintiffs reassert and re-allege the allegations set forth above.

50. At all relevant times herein, Plaintiffs and the Class have been entitled to the rights, protections, and benefits provided under the IMWL, 820 ILCS § 105/1 et seq.

51. The IMWL regulates, among other things, the payment of regular wages and overtime by employers, subject to limited exemptions not applicable herein.  820 ILCS §§ 105/3(c) & (d); 820 ILCS § 105/4a.

52. During all times relevant to this action, Amsted was the "employer" of Plaintiffs and the Class within the meaning of the IMWL.  820 ILCS §§ 105/3(c) & (d).

53. During all times relevant to this action, Plaintiffs and the Class were Amsted's "employees" within the meaning of the IMWL.  820 ILCS § 105/3(d).

54. The IMWL exempts certain categories of employees from Illinois overtime obligations, none of which apply to Plaintiffs or the Class.  820 ILCS § 105/3(d).

55. Pursuant to the IMWL, employees are entitled to be compensated for all hours worked and compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of forty (40) hours in a workweek.  820 ILCS § 105/4a(1).

56. Amsted, pursuant to their policy and practice, violated the IMWL by refusing and failing to pay Plaintiffs and other similarly situated employees regular and overtime wages required under the IMWL law.  820 ILCS § 105/4a(1).

57.     Plaintiffs and the Class are victims of a uniform and employer-based compensation policy.  On information and belief, this uniform policy, in violation of the IMWL, has been applied, and continues to be applied, to all Class members employed by Amsted in Illinois.

58.     Plaintiffs and all similarly situated employees are entitled to damages equal to all unpaid regular and overtime wages due within three (3) years preceding the filing of this Complaint plus periods of equitable tolling.  820 ILCS § 105/12(a).

59.     Plaintiffs and all similarly situated employees are entitled to damages equal to two percent (2%) of the amount of any such underpayments for each month following the date of payment during which underpayments remain unpaid.  820 ILCS § 105/12(a).

60.     Plaintiffs and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

61.     Amsted is liable pursuant to 820 ILCS § 105/12(a) for Plaintiffs' costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, on Count II of this Complaint, Plaintiffs and all similarly situated employees demand judgment against Amsted and pray for: (1) compensatory damages; (2) additional damages equal to two percent (2%) per month of the cumulative unpaid wages and overtime compensation due per 820 ILCS § 105/12(a); (3) attorneys' fees and costs as allowed by 820 ILCS § 105/12(a); (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count III – Unjust Enrichment

62.     Plaintiffs reassert and re-allege the allegations set forth above.

63. Plaintiffs and others similarly situated provided employment services to Amsted and thereby conferred benefits on Amsted.

64. Amsted appreciated the benefits and/or had knowledge of the benefits.

65. Amsted accepted and retained the benefits in circumstances that render such retention inequitable without payment of the value of the benefits.

66. Amsted has thereby been unjustly enriched and/or Plaintiffs and others similarly situated have been damaged.

67. Plaintiffs and all similarly situated employees are entitled to damages equal to all unpaid wages and overtime compensation due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling.

68. Plaintiffs and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count III of this Complaint, Plaintiffs and all similarly situated employees demand judgment against Amsted and pray for: (1) compensatory damages; (2) pre-judgment and post-judgment interest as provided by law; and (3) such other relief as the Court deems fair and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby request a trial by jury of all issues triable by jury.

Dated: January 4, 2010                                    Respectfully submitted,

**WEINHAUS & POTASHNICK**

/s/ Mark A. Potashnick
Mark A. Potashnick (Ill. Bar # 6271083)
11500 Olive Boulevard, Suite 133
St. Louis, Missouri  63141
Telephone:    (314) 997-9150
Facsimile:    (314) 997-9170

and

**STUEVE SIEGEL HANSON LLP**
George A. Hanson (MO Bar # 43450)
(*pro hac vice* application forthcoming)
Richard M. Paul III (MO Bar # 44233)
(*pro hac vice* application forthcoming)
Ashlea Schwarz (MO Bar # 60102)
(*pro hac vice* application forthcoming)
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:    (816) 714-7100
Facsimile:    (816) 714-7101

**ATTORNEYS FOR PLAINTIFFS**