IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHESTER MARSHALL and RICHARD WHITBY, individually and on behalf of a class of others similarly situated,<br><br>          Plaintiffs,<br><br>vs.<br><br>AMSTED INDUSTRIES, INC. and AMSTED RAIL COMPANY, INC.,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 10-cv-0011-MJR-CJP<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

Reagan, District Judge:

      Four months ago, two individuals – Chester Marshall and Richard Whitby (Plaintiffs) – filed a class action complaint in this District Court against Amsted Industries, Inc. and Amsted Rail Company, Inc. (collectively referred to as "Amsted"). Plaintiffs allege that Amsted employs hundred of hourly-paid workers at a foundry and manufacturing facility in Madison County, Illinois (within this Judicial District), that Amsted violated the wage and hour provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216, et al., that Amsted violated the Illinois Minimum Wage Law (IMWL), 820 ILCS § 105/12(a), and that Plaintiffs (and other similarly situated employees) are entitled to recover unpaid wages and overtime compensation from Amsted. Plaintiffs allege that the two named Amsted Defendants form a single integrated enterprise and maintain a joint-employer relationship (Complaint, Doc. 2, p. 4).

The complaint is comprised of three counts. Count I pleads an opt-in "collective action" under the FLSA, brought on behalf of the two named Plaintiffs (Marshall and Whitby) and all similarly situated hourly employees who worked for Amsted within the last three years. Count II purports to proceed as a class action under the IMWL and Federal Rule of Civil Procedure 23 (for the same class of persons). Count III purports to proceed as a class action "under Illinois common law" (alleging unjust enrichment) and Federal Rule of Civil Procedure 23 for all similarly situated hourly employees who worked at Amsted within the last five years.

Defendants timely answered the complaint on March 12, 2010 – asserting numerous affirmative defenses (*e.g.*, Counts II and III are completely preempted by the Labor Management Relations Act, 29 U.S.C. § 141, *et seq.*, Count III is completely preempted by the FLSA, Plaintiffs' claims are barred by applicable statutes of limitation, Plaintiffs' claims are barred by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 254, and Plaintiffs lack standing to assert some of the claims against Amsted).

Also on March 12, 2010, Defendants moved to dismiss Counts II and III under Rule 12(b)(1) for lack of subject matter jurisdiction or, alternatively, to strike Plaintiffs' class action allegations in Counts II and III as "fundamentally incompatible with [Plaintiffs' FLSA] collective action" (*see* Doc. 48, p. 1).

Amsted's three-page dismissal motion was supported by a 21-page memorandum of law and over 200 pages of documents (excerpts from various collective bargaining agreements, sworn declarations, etc.). Via response filed March 30, 2010, Plaintiffs challenge the merits of Amsted's dismissal motion. For instance, Plaintiffs maintain that a determination of preemption is "premature at the motion to dismiss stage," that the LMRA cannot be read so broadly as to preempt non-negotiable rights conferred on individuals under state law, and that Plaintiffs' state law claims are not incompatible with an FLSA action.

Nevertheless, Plaintiffs consent to dismissal of Counts II and III without prejudice, since the "Rule 23 state law claims will not serve a significant material purpose in this litigation," given the "strength of Plaintiffs' FLSA claim" (Count I)(Doc. 61, p. 3).  Amsted did not file a reply brief addressing Plaintiffs' March 30, 2010 response (perhaps because such briefs are discouraged by the Local Rules of this District, perhaps because Amsted agreed with Plaintiffs' "consent" to dismissal of the two counts which were the subject of Amsted's dismissal motion).

The Court **GRANTS in part** and **DENIES in part** Amsted's March 12, 2010 motion (Doc. 48). The Court **GRANTS** the motion in that it **DISMISSES** Counts II and III of Plaintiffs' complaint (the claims based on Illinois state law) , leaving only Count I (the federal/FLSA collective action).

The motion is **DENIED** only in that the dismissal shall be without prejudice. Plaintiffs shall file a First Amended Complaint (restating only the federal FLSA claim) no later than **June 7, 2010.**

At the time the action was commenced here, the two named Plaintiffs (Marshall and Whitby) furnished consents to be party plaintiffs to an FLSA action, and the complaint indicated that 65 other hourly-paid employees had consented to join the action (*see* Doc. 2, p. 3), each of whom worked at Amsted's Granite City facility. These consents were provided with the original complaint (Doc. 2, Exhs. 3-6). Since then, a stream of additional consents has arrived, bringing the number of Plaintiffs in this action to approximately 235.

Plaintiffs' counsel shall *either* list each Plaintiff who has consented to date in the caption of the amended complaint or, *preferably*, **attach to the amended complaint one document containing a numbered list with the names of each Plaintiff** who has consented and the document number in the cm/ecf docket sheet/record where that consent can be found. For instance:

1. Chester J. Marshall (see Doc. 2-1, p. 2)
2. Richard Whitby (see Doc. 2-2, p. 2)
3. Kenneth Cole (see Doc. 2-3, p. 2)
4. Anthony Bean (see Doc. 2-3, p. 3), etc.

This list will be helpful to the Clerk's Office, counsel, and the undersigned Judge as the action proceeds.

Plaintiffs shall file the First Amended Complaint by June 7, 2010. Defendants/Amsted shall answer within the time provided in Federal Rule of Civil Procedure 15(a).

By motion filed April 7, 2010 (Doc. 65), Plaintiffs move this Court to (1) conditionally certify this case as an FLSA collective action, (2) authorize Plaintiffs to send notice under § 216(b) of the FLSA to all current and former hourly employees of Amsted's Granite City facility who worked any time during the past three years (excluding supervisory, technical, clerical and "plant protection" employees), and (3) order Amsted to provide a computer-readable data file with the names, last known address, employment dates, and job title for each such employee *and* to post notice of this case conspicuously in the break rooms of the plant.

The undersigned Judge has set a briefing schedule on Doc. 65 – Amsted's response currently is due May 17, 2010, and Plaintiffs can file a short reply brief (no longer than 7 pages) by May 27, 2010 (*see* Doc. 68). Additionally, the undersigned Judge now **SETS AND IN-COURT STATUS CONFERENCE WITH COUNSEL** for **2:00 pm on Wednesday, July 7, 2010.**

The July 7th setting is not a hearing on class certification but rather an opportunity – once the amended complaint has been filed – for the undersigned Judge to meet with counsel to address procedural and scheduling issues in this action.

IT IS SO ORDERED.

DATED May 10, 2010.

s/ **_Michael J. Reagan_**
Michael J. Reagan
United States District Judge
