IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHESTER MARSHALL and<br>RICHARD WHITBY, individually and<br>on behalf of similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>AMSTED INDUSTRIES, INC. and<br>AMSTED RAIL COMPANY, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 10-cv-0011-MJR-CJP<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

Reagan, District Judge:

Chester Marshall and Richard Whitby are representative Plaintiffs in this lawsuit against their employer ("Amsted"), filed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, et seq. The suit alleges that Amsted – the owner-operator of a steel foundry and manufacturing facility in Granite City, Illinois – violated the FLSA by willfully failing to pay wages and overtime compensation and by failing to keep accurate payroll records.

The FLSA authorizes employees to present their claims through a collective action, such as this, filed on behalf of themselves and other similarly situated workers. On June 16, 2010, the undersigned Judge conditionally certified this case as an FLSA collective action and authorized Plaintiffs to send notice all current and former hourly employees who worked at Amsted's Granite City facility in the past three years.

The June 16th Order (Doc. 81), however, did not approve Plaintiffs' proposed notice – in effect, reserving ruling on the form and substance of the notice that would be sent. The Court heard counsel's arguments on this and related issues at a July 7, 2010 status conference. The undersigned Judge resolved all the notice-related issues save one, which he took under advisement – whether certain language regarding "costs" would be included in the notice, which (as edited and resubmitted) would secure court approval. Counsel now have briefed that issue (see Docs. 90, 92).

The crux of this issue is whether the class notice should advise potential opt-in plaintiffs that they might be held responsible to Amsted for court costs if Amsted prevails in this litigation.

More specifically, the Court must decide whether to include or omit the reference to "costs" in the sentence (contained in ¶ 14 in the original proposed notice, Doc. 87-1, emphasis supplied) which reads as follows:

> **How will the lawyers be paid?**
>
> The named Plaintiff [sic] has entered into a contingency fee agreement with Plaintiffs' counsel, which means that if you do not win, there will be no attorneys' fees **or costs** chargeable to you.

At the July 7th conference, Amsted's counsel objected that this statement was inaccurate or misleading (i.e., unsuccessful plaintiffs *might* have costs taxed against them by the Court). Amsted argued not only for dropping the "or costs" phrase above but also for including a sentence specifically warning potential plaintiffs that this Court could tax costs against them if they "lose" the suit.

The revised notice provided to the Court via July 12, 2010 email (in what is now ¶10 - How will the lawyers be paid?) states (emphasis supplied):

> ... if you do not win, there will be no attorneys' fees chargeable to you; however, **you may be required to pay Court costs if you do not prevail on your claim**.

In their supplemental brief (as in their July 7th oral argument), Plaintiffs maintain that inclusion of such a warning will have a deterrent effect "that is disproportionate to the risk of costs being assessed against them" (Doc. 90, p. 1). Plaintiffs further assert that requiring this warning here contradicts numerous notices approved and issued by other district courts, including district courts within the Seventh Circuit who have found similar language intimidating and unnecessary.

Plaintiffs also stress that if Amsted prevails herein and obtains an award of costs in its favor, that award would only be entered against the named/representative Plaintiffs, *not all members* of the certified class. They explain that the named Plaintiffs (Marshall and Whitby) have executed an agreement in which Plaintiffs' counsel agreed to bear responsibility for the costs and expenses of this action, subject to reimbursement only if Plaintiffs obtain a recovery from Amsted. Indeed, a declaration submitted with the supplemental brief affirms that if this Court enters judgment against some or all plaintiffs *and* awards costs to Amsted, "Plaintiffs' counsel agree to pay such costs to the Defendants and to not seek to be reimbursed from any Plaintiff who joins this case" (Paul Declaration, Doc. 90-1).

Amsted's supplemental brief discounts any potential deterrent effect the costs

language would have on participation and insists that this language "fully informs" putative plaintiffs of their risks and obligations if they join this suit. Amsted also challenges Plaintiffs' contention that an award of costs would be limited to the "class representatives." Amsted urges this Court to "err on the side of caution," since "Plaintiffs' counsel cannot claim that there is 100% no chance that it [an award of costs to individual opt-in plaintiffs] could happen" (Doc. 92, p. 5).

The Court has carefully reviewed the supplemental materials and commends counsel on the thorough and cogent briefing of this issue. The undersigned Judge is not persuaded that the indemnity agreement Plaintiffs' counsel have with the two representative Plaintiffs precludes an award of costs against other opt-in plaintiffs (including those who might be represented by different lawyers). But this Court does believe that the warning Amsted wants included could have a significant chilling effect on participation in this action.

Furthermore, the undersigned Judge trusts that Plaintiffs' counsel will fully satisfy their ethical obligations to their clients (opt-in plaintiffs), including – where necessary and appropriate – alerting those individuals to the possibility that they might be ordered to pay court costs if Amsted prevails against them herein.

For these reasons, the Court will not mandate that the notice to potential opt-in plaintiffs include a statement that court costs could be taxed against unsuccessful plaintiffs. Defense counsel (Mr. Harrison) appears to have taken the laboring oar in editing the notice to reflect all edits ordered by the Court at the July 7th conference. The

Court asks that he now delete the bracketed information regarding costs in ¶10 of the revised notice, and that counsel e-file the revised notice herein on or before July 30, 2010.

Questions regarding how to electronically file the proposed notice may be directed to the Clerk's Office of this Court at 618-482-9371.

IT IS SO ORDERED.

DATED July 21, 2010.

s/ Michael J. Reagan
Michael J. Reagan
United States District Court
