IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| CHESTER MARSHALL and | ) |
| RICHARD WHITBY, individually | ) |
| and on behalf of a class of others | ) |
| similarly situated, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 10-cv-0011-MJR-SCW |
| | ) |
| AMSTED RAIL COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

This Fair Labor Standards Act collective action is brought by 488 hourly workers at a Granite City, Illinois plant (Plaintiffs) who allege entitlement to unpaid wages and overtime compensation from their employer (Amsted). Amsted pays hourly employees based on their scheduled shift times, rather than their actual hours worked. Plaintiffs allege that during the time period relevant to this lawsuit, Amsted required them to work before and after their paid shifts without compensation. The pre-shift work included donning protective gear, obtaining tools, supplies and tool repairs, testing equipment, and organizing their work areas. The post-shift work included shutting down machinery, storing tools, cleaning work areas for the following day or shift, shoveling sand, blowing debris off themselves, and doffing protective gear.

Plaintiffs maintain that these tasks were integral and indispensable to the performance of their assigned duties, meriting compensation. Plaintiffs seek to recover compensatory damages (the unpaid wages and overtime compensation), plus liquidated

damages, attorney's fees and costs under § 16(b) of the FLSA, and pre-judgment and post-judgment interest.

Amsted moved for partially summary judgment, focusing on the claims relating to donning and doffing personal protective equipment (PPE). The motion advanced two arguments: (1) Plaintiffs' claims for compensation based on time spent donning and doffing PPE are barred by § 203(o) of FLSA, and (2) because the time donning and doffing PPE falls under § 203(o), it cannot constitute a "principal activity" under the FLSA as a matter of law.

On September 20, 2011, the undersigned Judge partially granted and partially denied Amsted's motion. As to the part *granted*, the Court concluded: "Amsted has shown a 'custom or practice under a bona fide collective-bargaining agreement' applicable to these employees, triggering application of § 203(o). Thus, § 203(o) excludes the time spent donning and doffing the PPE from the 'hours worked' by Plaintiffs" (Doc. 180, pp. 22-23). As to the part of Amsted's motion *denied*, the undersigned rejected Amsted's argument that once an activity is deemed non-compensable under § 203(o), it *as a matter of law* cannot constitute a principal activity under the FLSA which starts or ends the continuous (compensable) workday.

The September 20th Order recognized that the issue on which this Court denied summary judgment has been certified for interlocutory appeal to the United States Court of Appeals for the Seventh Circuit. **See Sandifer v. U.S. Steel Corp., 2009 WL 3430222 (N.D. Ind. 2009), and 2010 WL 61971 (N.D. Ind. 2010).** Now before the Court is Amsted's motion to certify an interlocutory appeal of the undersigned Judge's ruling and to stay this case pending resolution thereof (Doc. 185).

Analysis begins with the proposition that, as a general rule, appellate courts may only hear appeals from "final decisions" of district courts. **28 U.S.C. 1291.** Several narrow exceptions to the rule exist, however, one of which is invoked by Defendant Amsted here -- **28 U.S.C. 1292(b)**.

Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order….

In enacting § 1292(b), Congress "chose to confer on district courts first line discretion to allow interlocutory appeals." ***Swint v. Chambers County Com'n*, 514 U.S. 35, 46-47 (1995).** However, Congress "carefully confined the availability of such review," and "even if the district judge certifies the order under § 1292(b), the appellant still 'has the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" ***Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474-75 (1978).**

In ***Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 675-76 (7th Cir. 2000),** the Court neatly summarized § 1292(b)'s requirements:

> There are four statutory criteria for the grant of a section 1292(b) petition …. there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation….

There is also a non-statutory requirement – that the petition for interlocutory appeal was filed in the district court within a reasonable time after entry of the order sought to be appealed. **Ahrenholz, 219 F.3d at 676, citing Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc., 202 F.3d 957, 958 (7th Cir. 2000).** The Seventh Circuit emphasized in **Ahrenholz**: "Unless *all* these criteria are satisfied, the district court may not and should not certify its order … under section 1292(b)." **Id. (emphasis in original).**

United States Supreme Court Justice Breyer pointed out in **Johnson v. Jones, 515 U.S. 304, 309 (1995),** that interlocutory appellate review can unnecessarily delay trial proceedings while "adding costs and diminishing coherence," but it also can "simplify, or more appropriately direct, the future course of litigation, … thereby reduc[ing] the burdens of future proceedings." So, turning to the statutory and non-statutory prerequisites for § 1292(b) certification, the undersigned Judge carefully considers whether interlocutory appellate review is warranted in the case at bar.

Amsted's motion was filed within a reasonable time following the undersigned Judge's summary judgment ruling (the source of the ruling sought to be appealed). The summary judgment Order was entered September 20, 2011, and Amsted moved for interlocutory appeal certification on September 30, 2011 (Docs. 180, 185). This leaves the four statutory requirements for interlocutory review.

The first criterion is met in the case *sub judice*. There is an abstract or pure *question of law* suitable for resolution by the court of appeals, *i.e.*, an issue an appeals court could decide cleanly without having to scour the district court record hunting for material fact issues. **See In re Text Messaging Antitrust Litigation, 630**

**F.3d 622, 626 (7th Cir. 2010),** *cert. denied,* **131 S. Ct. 2165 (2011),** *citing Ahrenholz,* **219 F.3d at 677.** Nor would the appellate court have to immerse itself in the details of a long and obscure contract. **See Ahrenholz** at 676-77. Specifically, the question of law is: Under the Fair Labor Standards Act, when it has been determined that time spent donning and doffing PPE is covered by § 203(o), can those activities still start or end the continuous workday under § 254(a)?

Skipping ahead to the third criterion, it too has been demonstrated here. As the September 20, 2011 Order recognized (and the parties' summary judgment briefs discussed in detail), this legal issue is *contestable.* Various federal courts (district and appellate) have followed different paths and reached opposite conclusions as to the interplay between § 203(o) and § 254(a).

The second criterion is a closer call, but the Court concludes that Amsted has demonstrated that the legal question is *controlling* for purposes of § 1292(b) analysis. "A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." ***Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Associates, Inc.,* 86 F.3d 656, 659 (7th Cir. 1996).*See also Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991)(referencing decisions holding that a question is controlling"if interlocutory reversal might save time for the district court, and time and expense for the litigants.").**

In the case at bar, Plaintiffs endeavor to minimize the significance of the legal question at hand, arguing that they have other claims besides these donning/doffing claims, that they have other methods of calculating their damages that

do not depend on the outcome of this question, and that they might entirely abandon their contention that donning and doffing "bookends" the compensable workday (see Doc. 190). The Court is not persuaded by these arguments.

Resolution of the legal issue at hand quite likely will affect the course of this litigation. If Amsted's position prevails on appeal, then a number of Plaintiffs' claims will be rendered moot. Additionally, one method for computing Plaintiff's damages will be disallowed. Furthermore, the answer to the legal question may well affect the course of the litigation by altering the analysis necessary for this Court to decide the motion to decertify this collective action. Assessment of how similarly situated the plaintiffs are depends on what viable claims they have, which in turn depends – at least in part – on resolution of the continuous workday issue raised here. So the first three statutory criteria are satisfied.

The impediment to § 1292(b) certification lies with the fourth criterion. Amsted has not demonstrated that resolution of this question of law will "promise to speed up the litigation." This requirement has been explained as follows: "It means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." **McFarlin v. Conseco Services, LLC, 381 F.3d 1251, 1259 (11th Cir. 2004),** *citing* **16 Charles Alan Wright, et al., FEDERAL PRACTICE & PROCEDURE § 3930 at 432 (2d ed. 1996).** That simply is not true here.

As noted above, the issue of the interplay between § 203(o) and § 254(a) already is on appeal at the Seventh Circuit (in **Sandifer v. U.S. Steel Corp., 2009 WL 3430222 (Oct. 15, 2009); Appeal Numbers 10-1821 and 10-1866**), with briefing to be completed next month – December 21, 2011, according to the PACER docket sheets.

Movant's counsel has not demonstrated how allowing the parties in the instant case to certify an interlocutory appeal will materially advance the ultimate termination of this litigation. Absent such a showing, the undersigned can only assume that additional parties filing additional briefs in a freshly-filed appeal (or even submission of additional briefs in a consolidated appeal, if the Seventh Circuit permitted consolidation with *Sandifer*) poses a significant risk of *delaying* the resolution of this case.

The movant for interlocutory review must persuade the court that truly exceptional circumstances justify departing from the fundamental policy of appellate review only after the entry of a final judgment. **Coopers & Lybrand,** 437 U.S. at 475. Stressing this point, federal district courts have denied § 1292(b) motions where the same controlling issue of law already is on appeal to the Circuit Court. **See, e.g., Aspen Ford, Inc. v. Ford Motor Co., 2008 WL 163695, * 3 (E.D. N.Y. 2008)("Since the legal issue in dispute in this case is currently pending on appeal before the Second Circuit, I do not find that [movants] have demonstrated exceptional circumstances to warrant an interlocutory appeal.");** *In re Regions Morgan Keegan ERISA Litigation,* **741 F. Supp. 2d 844, 854 (W.D. Tenn.)(interlocutory appeal would not materially advance termination of district court litigation where same issue was already certified for interlocutory appeal in another case, defendant had opportunity to move for reconsideration of district court's order depending on outcome of the already-pending appeal, and other claims remained in the case which were not dependent on the outcome of the issue to be certified).**

Judge Miller has certified nearly the identical legal issue for interlocutory appeal in *Sandifer*, and that appeal has been pending at the Seventh Circuit since March 2010 with briefing likely to be completed in the next six weeks. Amsted has presented compelling arguments for interlocutory appeal of this Court's summary judgment denial but has not shown exceptional circumstances justifying piece-meal appeals or that resolution of the legal issue involved here via this interlocutory appeal will "promise to speed up the litigation." *Ahrenholz,* **219 F.3d at 675.**

The Seventh Circuit has remarked that § 1292(b) "was not intended to make denials of summary judgment routinely appealable," and indeed a "denial of summary judgment is a paradigmatic example of an interlocutory order that normally is not appealable." *Ahrenholz* **at 676.** Bearing in mind that motions to certify interlocutory appeals must be granted *sparingly*, *id., see also Asher v. Baxter International, Inc.,* **505 F.3d 736, 741 (7th Cir. 2007),** *Union County, Iowa v. Piper Jaffray & Co., Inc.,* **525 F.3d 643, 646 (8th Cir. 2008), and** *In re City of Memphis*, **293 F.3d 345, 350 (6th Cir. 2002),** the undersigned Judge concludes that the record before him does not establish that an interlocutory appeal of this issue will expedite, rather than prolong, final disposition of this case. However, the undersigned Judge believes that a *stay* of the instant case is warranted at this time, due to the *Sandifer* appeal.

The exact issue certified for appeal in *Sandifer* is: "Under the FLSA, where it has been determined that the activities of donning, doffing, and washing are not to be included in hours of employment by operation of 29 U.S.C. § 203(o), can such activities, under any circumstances, start or end the continuous work day under 29 U.S.C. § 254(a)?" *Sandifer v. U.S. Steel Corp.,* **2010 WL 61971, \*5 (Jan. 5. 2010).**

For the reasons mentioned in the analysis of the second criterion above, a ruling by the Court of Appeals on this question has the potential to guide and shape the direction of the instant case, through resolution of any decertification motion as well as trial preparation and presentation. And, the stringent "exceptional circumstances" standard that governs interlocutory appeals under § 1292(b) does not similarly constrain the Court's ruling on motions to stay -- which Amsted has sought herein, in addition to (albeit not as an alternative to) certification.

To summarize, although Amsted falls short of demonstrating the requisite exceptional circumstances needed for § 1292(b) certification, the Court sees merit in permitting a stay *without certifying a separate interlocutory appeal* pending the outcome of **Sandifer** at the Seventh Circuit.

For all these reasons, the Court **DENIES** Amsted's "Motion for Certification of Interlocutory Appeal And Motion to Stay Underlying Litigation" (Doc. 185), which sought to certify an interlocutory appeal and stay this case until the appeal of this Court's summary judgment ruling was decided. But the Court **STAYS** these proceedings at this time, awaiting what hopefully is a prompt resolution of the **Sandifer** appeal. The decision to stay may be reevaluated as time progresses.

The Court **DIRECTS** Amsted's counsel to file a status report regarding the **Sandifer** appeal by <u>March 30,</u> 2012 and another report by <u>May 14, 2012</u>. (Any counsel may file a status report sooner, if developments warrant updating this Court on the status of the appeal). The Court will set a status conference in several months to discuss scheduling issues herein. For now, the undersigned Judge leaves the July 9,

2012 trial date in place, pending receipt of the March and May 2012 status reports from defense counsel.

IT IS SO ORDERED.

DATED November 11, 2011.

s/ **_Michael J. Reagan_**
Michael J. Reagan
United States District Judge