IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHESTER MARSHALL and )
RICHARD WHITBY, et al., )
 )
                Plaintiffs, )
 )
vs. ) Case No. 10-cv-0011-MJR-SCW
 )
AMSTED RAIL COMPANY, INC., )
 )
                Defendant. )

MEMORANDUM AND ORDER

REAGAN, District Judge:

In this FLSA collective action, 488 hourly workers at Defendant Amsted's Granite City, Illinois plant assert entitlement to unpaid wages and overtime compensation. More specifically, Plaintiffs allege that during the time period relevant to this lawsuit, Amsted required them to work before and after their paid shifts without compensation. The pre-shift work included donning protective gear, obtaining tools, supplies and repairs, testing equipment, and organizing their work areas. The post-shift work included shutting down machinery, storing tools, cleaning work areas for the following day/shift, shoveling sand, blowing debris off themselves, and doffing protective gear. Plaintiffs seek to recover compensatory damages (the unpaid wages and overtime compensation), plus liquidated damages, attorney's fees and costs under § 16(b) of the FLSA, plus pre-judgment and post-judgment interest.

In late May 2011, Amsted moved for partially summary judgment, focusing on the claims for donning and doffing personal protective equipment (PPE). Amsted argued for summary judgment on two grounds:

> (1) Plaintiffs' claims for compensation based on time spent donning and doffing PPE are barred by § 203(o) of FLSA, and
>
> (2) because the time donning and doffing PPE falls under § 203(o), it cannot – as a matter of law -- constitute a "principal activity" under the FLSA.

In September 2011, the undersigned Judge partially granted and partially denied Amsted's motion for summary judgment. *Granting* the motion on ground one, this Court concluded that: "Amsted has shown a 'custom or practice under a bona fide collective-bargaining agreement' applicable to these employees, triggering application of § 203(o). Thus, § 203(o) excludes the time spent donning and doffing the PPE from the 'hours worked' by Plaintiffs" (Doc. 180, pp. 22-23). *Denying* the motion on ground two, the undersigned rejected Amsted's argument that once an activity is deemed non-compensable under § 203(o), it as a matter of law cannot constitute a principal activity under the FLSA which starts or ends the continuous (compensable) workday.

The September 20th Order recognized that the issue on which this Court denied summary judgment (ground two) had been certified for interlocutory appeal to the United States Court of Appeals for the Seventh Circuit. ***Sandifer v. U.S. Steel Corp.*, 2009 WL 3430222 (N.D. Ind. 2009), and 2010 WL 61971 (N.D. Ind. 2010).** Amsted moved to certify an interlocutory appeal of the undersigned Judge's ruling and to stay this case pending resolution thereof.

On November 11, 2011, the undersigned declined to certify an interlocutory appeal but stayed this case pending the resolution of *Sandifer* by the Court of Appeals. The issue certified for appeal in *Sandifer* was: "Under the FLSA, where it has been determined that the activities of donning, doffing, and washing are not to be included in hours of employment by operation of 29 U.S.C. § 203(o), can such activities, under any circumstances, start or end the continuous work day under 29 U.S.C. § 254(a)?" *Sandifer v. U.S. Steel Corp.*, **2010 WL 61971, \*5 (Jan. 5. 2010).**

On May 8, 2012, the Seventh Circuit issued its opinion in *Sandifer*. The Court held in favor of the defendant employer on the issue certified, as Judge Posner explained in his conclusion: "We resolve the specific issue that we have been asked to resolve in this interlocutory appeal in favor of U.S. Steel. On the basis of that resolution, the suit has no merit and should be dismissed by the district court." *Id.*, **2012 WL 1592543, \*8.**

**A** May 9, 2012 status report filed in this Court advises (and this comes as no surprise) that in light of the Seventh Circuit's ruling, Amsted intends to file a motion asking the undersigned Judge to *reconsider* his ruling denying summary judgment herein on the second ground advanced by Amsted (i.e., once an activity is deemed non-compensable under § 203(o), it as a matter of law cannot constitute a principal activity under the FLSA which starts or ends the compensable workday).

The Court hereby **LIFTS THE STAY** previously imposed (Doc. 195).

Cognizant that the July 9, 2012 trial setting has been rendered unworkable, the undersigned District Judge **CANCELS** that trial setting and **DIRECTS**

**the parties on or before June 12, 2012** to prepare and file a Joint Status Report and Proposed Schedule which (a) states their respective positions as to what claims remain for disposition by this Court and (b) proposes a schedule (jointly if possible, independently if necessary) for the filing of any remaining dispositive motions and the trial of this case.

IT IS SO ORDERED.

DATED May 11, 2012.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge