IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHESTER MARSHALL and RICHARD WHITBY, individually and on behalf of a class of others similarly situated, ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No. 10-cv-0011-MJR-SCW |
| AMSTED RAIL COMPANY, INC., ) ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

This Fair Labor Standards Act case, conditionally certified as a collective action containing 478 Plaintiffs, is set for jury trial on December 3, 2012. Before the Court is Defendant Amsted's motion to decertify, on which oral arguments were presented October 26, 2012, supplemental briefs were filed November 2, 2012, and one additional brief is due to be filed (by Amsted, addressing Plaintiffs' proposal regarding subclasses) November 9, 2012. The final pretrial conference will be held three weeks from today (10:30 am on November 28, 2012). Cognizant that counsel face difficulties in preparing for a final pretrial conference without knowing the nature and breadth of the December 3rd trial, the Court enters this Order to provide guidance.

Jury trial will <u>not</u> proceed with 478 Plaintiffs on December 3, 2012. Nor is the Court persuaded that bifurcating trial (separating the question of liability from the issue of damages) solves the fundamental fairness problem inherent in this collective trial or promotes judicial economy.

At this point, the undersigned Judge, albeit still in the process or receiving and reviewing the supplemental briefs, intends to either: **(a) decertify the collective action, and proceed to trial December 3, 2012 on the claims of the two lead/named Plaintiffs alone – Chester Marshall and Richard Whitby; or (b) divide the case into 9 sub-classes by Department, and proceed to trial December 3, 2012 on the subclass of Melted Metals, which includes ten Plaintiffs** (see Doc. 235, p. 2).[1]

Magistrate Judge Williams has handled all discovery matters herein, but the undersigned District Judge understands that not all Plaintiffs have provided written discovery responses or been deposed. If the Court chooses option "(b)" above, and if Amsted has not had the opportunity to depose each of the ten Plaintiffs in that subclass, the Court will order Plaintiffs' counsel to make each of those ten Plaintiffs available for deposition within seven days, unless counsel agree otherwise.

Additionally, at the December 3rd jury trial of the first subclass, Plaintiffs' counsel must make each of the ten Plaintiffs available for questioning by Amsted's counsel (i.e., if Plaintiffs' counsel does not call each of the ten Plaintiffs at trial, Amsted will be permitted to do so, if it desires). Plaintiffs' counsel must make the Plaintiffs available – both for deposition and trial - without the necessity of subpoenas or witness fees.

This Order does not constitute an anticipatory ruling. It is entered in an effort to assist counsel as they prepare for the final pretrial conference which will be held in three weeks, as well as the trial in less than a month. Finally, whether the Court proceeds via decertified trial with 2 lead Plaintiffs or subclassed trial with 10 Plaintiffs, a separate Order will enter setting a date *prior to trial* by which all proposed jury instructions must be submitted, as well as a date for the jury instruction conference.

---

[1] The Court chose this Department/subclass as the first trial, because it contains a small number of Plaintiffs, thereby rendering the December 3rd trial date realistic, even with the additional discovery that must be taken.

IT IS SO ORDERED.

DATED November 7, 2012.

                                                    s/ ***Michael J. Reagan***
                                                    Michael J. Reagan
                                                    United States District Judge