IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| CHESTER MARSHALL and RICHARD WHITBY, individually and on behalf of a class of others similarly situated,<br>                  Plaintiffs,<br>                  v.<br>AMSTED RAIL COMPANY, INC. a/k/a "ASF, AMSTED RAIL COMPANY, INC.," and f/k/a "ASF-KEYSTONE, INC.,"<br>                  Defendant. | Case No. 3:10-cv-00011-MJR-CJP |

**DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendant Amsted Rail, Inc. ("Amsted") by their attorneys, pursuant to Federal Rule of Civil Procedure 50(a), respectfully request that the Court enter judgment as a matter of law in favor of Defendant and against Plaintiffs Chester Marshall and Richard Whitby on their claim under the Fair Labor Standards Act ("FLSA"). In support of this Motion, Defendants state as follows:

### INTRODUCTION

At the close of Plaintiffs' case, Defendant moved for judgment as a matter of law, requesting that the Court grant directed verdict in its favor because Plaintiffs' failed to establish their claims as a matter of law. Defendant renews that motion here. In this case, Plaintiffs did not present evidence sufficient for a reasonable jury to find that they are owed any additional compensation under the FLSA. *First*, Plaintiffs failed to establish that they worked any overtime for which they were not paid. *Second*, Plaintiffs have failed to adduce any evidence sufficient for a reasonable jury to conclude that Amsted's conduct was "willful," and thus, in the event any

1

damages are due (which Amsted disputes), Plaintiffs may only maintain a statute of limitations for two-years prior to the date that the Complaint was filed in this matter.

**LEGAL STANDARD**

In considering a motion under Federal Rule of Civil Procedure 50(a), "the only question [is] whether [the plaintiff] put enough evidence before the jury to permit it to decide in his favor." *Runyon v. Applied Extrusion Techs., Inc.*, 619 F.3d 735, 739 (7th Cir. 2010); *see also Blair v.,* Wills, 420 F.3d 823 (8th Cir. 2005) (affirming directed verdict for employer in FLSA case where Plaintiffs failed to establish he engaged in unpaid "work" under the FLSA). Here, Plaintiffs have failed to do so.

**ARGUMENT**

**PLAINTIFFS HAVE NOT PRESENTED SUFFICIENT EVIDENCE OF ANY FLSA VIOLATION**

**A.  Plaintiffs Did Not Establish They Performed Any "Principal" Activities That Caused Them to Work in Excess of 40 Hours Per Week For Which They Were Not Properly Paid.**

The FLSA requires employers to pay overtime to non-exempt employees who work more than 40 hours in a work week. 29 U.S.C. § 207(a). The employee bears the burden of proving that he or she performed overtime work for which he was not properly compensated. *See e.g., Kellar v. Summit Seating Inc.*, 664 F.3d 169, 174 (7th Cir. 2011) ("The employee bears the burden of proving that she performed overtime work for which she was not properly compensated.") (citing *Anderson v. Mt. Clemens*, 328 U.S. 680, 686-87 (1946)). Where, as here, the "overtime work" allegedly occurred before and/or after the employee's scheduled shift, the Court must first determine whether the employee engaged in a principal activity prior to start of his shift, and/or after the end of his shift. 29 U.S.C. §254(a) ("preliminary" and "postliminary" tasks are not compensable); *see also Skidmore v. Swift & Co.,* 323 U.S. 134 (1994) (to determine

2

whether such an activity is "principal," courts examine the particular facts and circumstances in each case). In addition to simply proving they have performed uncompensated work for which they were not paid, Plaintiffs must further show that Amsted had "actual or constructive knowledge" that the overtime work was being performed. *Kellar*, 664 F.3d at 177 (7th Cir. 2011). In this case, Plaintiffs have both failed to meet their burden.

Indeed, the uncontested evidence demonstrated that Plaintiffs spent significant time each day walking to their work stations after clocking in. For example, Plaintiff Marshall testified that he used the molding time clock at the front of the facility. For several years, Plaintiff Marshall worked in the Sideframe building, nearly a quarter mile away from the clock where he swiped in. The uncontested evidence further demonstrated that it took at least 5 minutes to walk from that clock to the work area, and another 5 minutes to walk back to clock out. This time is non-compensable as a matter of law and swallows up much of Plaintiffs' claims for uncompensated work. *See* 29 U.S.C. 254 (a) (stating that time spent walking … to and from the actual place of performance of the principal activity" is not compensable as a matter of law); *see also Sandifer v. U.S. Steel*, 678 F.3d 590 (7th Cir. 2012) (holding that time spent "walking time following the donning and doffing of protective gear in the locker room is not compensable).

But in addition to walking time, Plaintiffs offered only vague assertions of purportedly working before and after their shifts without pay. Their only attempt to quantify any purported working time or damages by Plaintiffs was made by a C.P.A., Robert Offerman, who had zero knowledge about whether Plaintiffs were actually working before or after their shifts, and had no basis to offer any opinion as to any amount they may be owed or how much they may have been working.

In contrast to this vague and unsubstantiated evidence, Amsted uniformly established that Plaintiffs never performed uncompensated work before or after their shifts. Indeed, Amsted's supervisors universally opined that:

(1) Amsted's policies required them to pay Plaintiffs for all time worked and they did that;

(2) No Company policy requires Plaintiffs to work for free; and

(3) Plaintiffs performed no uncompensated work before or after their shifts.

In light of these uncontested facts, the Court should enter directed verdict in Defendant's favor.

**B.     Plaintiffs Have Failed to Present Sufficient (or Any) Evidence Regarding Willfulness**

Plaintiffs bear the burden of proving that Amsted's conduct was "willful" under the FLSA. A willful violation of the statute requires the Plaintiffs to prove that Amsted "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Further, Plaintiffs must show not just that Amsted's conduct was unreasonable, but that it was *affirmatively reckless*. *Id.* At 135, n.13 ("If an employer acts unreasonably, but not recklessly, in determining its legal obligation," under the FLSA, its conduct is not willful.). In addition, merely failing to investigate the law does not rise to the level of willfulness. *Id.* at 133.

Plaintiffs have adduced no evidence of willfulness in this case. Plaintiff Whitby testified that he complained to supervisor Joel Grinston (which Grinston denied). Marshall testified that he complained only at a VOP meeting, which was likewise refuted. These isolated and refuted complaints do not, as a matter of law, establish any purported willfulness, especially given the

variety of avenues that it is uncontested that Plaintiffs had to complain such as by contacting Human Resources, filing a grievance or even just going to a union representative.

Plaintiffs also purport to rely on "other complaints" in the nature of this lawsuit originally be styled as a collective action (which has been decertified). Certainly, the fact that a collective lawsuit was filed does not, in and of itself, demonstrate willfulness. Indeed, if that were the case, every FLSA collective action would warrant a "willful" finding. Here, a willfulness finding requires specific proof that Amsted "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]," and Plaintiffs have offered nothing in that regard. *McLaughlin*, 486 U.S. at 133.

Similarly, the uncontested evidence in this case established that not only did Whitby and Marshall filed any grievances relating to allegedly working before and after their shifts, but nobody else did either. Indeed, the evidence at trial established that: (1) No one filed any grievances about working before and after their shifts; and (2) the Steelworkers Union filed more than 100 grievances per year during the relevant time period. Further, it is likewise undisputed that the collective bargaining agreement provided Plaintiffs with overtime pay for hours worked in excess of 8 in one day and other forms of premium pay far in excess of what the FLSA required. In light of these uncontested facts, Plaintiffs have not proven that Amsted's conduct was affirmatively reckless. *Id.* at 135, n.13 ("If an employer acts unreasonably, but not recklessly, in determining its legal obligation," under the FLSA, its conduct is not willful.).

**WHEREFORE**, Defendant Amsted Rail respectfully requests that this Court enter judgment as a matter of law in favor of Defendant and against Plaintiffs Chester Marshall and Richard Whitby in all respects.

Respectfully submitted,

AMSTED RAIL COMPANY, INC

/s/ Michael D. Ray

Donald S. Prophete    (MO #56058)
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
4520 Main St.
Kansas City, MO  64111
816-471-1301
816-471-1303  *(Facsimile)*
donald.prophete@ogletreedeakins.com

Michael D. Ray, IL ARDC #6285109
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
155 N. Wacker Dr., 43rd FL
Chicago, IL  60606
(312) 558-1220; (312) (807-3619) (*Facsimile*)
michael.ray@ogletreedeakins.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

   The undersigned attorney hereby certifies that on this 27th day of February, 2013, the foregoing document was handed to Plaintiffs' counsel.  In addition, this document will be filed on the Court's ECF system and will be sent via operation of that system to:

Mark A. Potashnick
WEINHAUS & POTASHNICK
11500 Olive Boulevard, Suite 133
St. Louis, MO  63141
(314) 997-9150
(314) 997-9170  *(Facsimile)*
attorneymp@hotmail.com

George A. Hanson
Richard M. Paul III
Ashlea Schwarz
STUEVE SIEGEL HANSON, LLP
460 Nichols Road, Suite 200
Kansas City, MO  64112
(816) 714-7100
(816) 714-7101  *(Facsimile)*

**ATTORNEYS FOR PLAINTIFFS**

              /s/  Michael D. Ray
              **ATTORNEY FOR DEFENDANT**